Samantha Lamm (State Bar No. 203094)
slamm@rutan.com
Kelsey Quist (State Bar No. 309876)
kquist@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
CITY OF IRVINE, MICHAEL KENT, and
GARRISON FRADELLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| JESSAMYN HUANG, | Case No. 8:25-cv-01904-DFM |
|---|---|
| Plaintiff, | Judge: Douglas F. McCormick |
| vs. | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS CITY OF IRVINE, MICHAEL KENT, AND GARRISON FRADELLA'S MOTION TO DISMISS** |
| GARRISON FRADELLA, Officer, Irvine Police Department; MICHAEL KENT, Chief, Irvine Police Department; CITY OF IRVINE; and DOES 1-10, inclusive, | |
| | *[Filed concurrently with Notice of Motion and Motion to Dismiss, Declaration of Samantha Lamm, and [Proposed] Order]* |
| Defendants. | Date:  November 4, 2025<br>Time:  10:00 a.m.<br>Courtroom:  6B |

TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Evidence Rule 201, Defendants City of Irvine, Michael Kent, and Garrison Fradella (collectively "Defendants") respectfully request that the Court take judicial notice of the following documents in support of Defendants' concurrently filed Motion to Dismiss (the "Motion"), which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to resources whose accuracy

cannot reasonably be questioned:

1. Attached hereto as **Exhibit 1** is a true and correct copy of Irvine Police Department's Case Report for Case Number IPD-25-01881.

2. Attached hereto as **Exhibit 2** is a true and correct copy of Irvine Police Department's Policy No. 322 entitled "Domestic Violence."

Dated:  September 17, 2025

RUTAN & TUCKER, LLP

By: _____
Samantha Lamm
Attorneys for Defendants CITY OF IRVINE, MICHAEL KENT, and GARRISON FRADELLA

Rutan & Tucker, LLP
attorneys at law

2943/048170-1122
22791761.2 a09/17/25

-2-

REQUEST FOR JUDICIAL NOTICE ISO
CITY OF IRVINE'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For example, public records, including documents on file in federal or state court, are proper subjects of judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

It is also appropriate for a court to take judicial notice of documents of which a plaintiff was aware, and upon which a plaintiff relied, in framing the complaint. If a "plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." *Fudge v. Penthouse International, Ltd.,* 840 F.2d 1012, 1015 (1st Cir. 1988); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993); see also *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.,* 393 F. Supp. 2d 972, 979 (N.D. Cal. 2005). Here, as explained in the accompanying Motion to Dismiss, Defendants believe that Plaintiff did frame her complaint with the attached documents in mind.

A court also may consider documents incorporated by reference in a pleading without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may consider evidence on which the [pleading] 'necessarily relies' if: (1) the [pleading] refers to the document; (2) the document is central to the [pleading party's] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*

Rutan & Tucker, LLP
attorneys at law

2943/048170-1122
22791761.2 a09/17/25

-3-

REQUEST FOR JUDICIAL NOTICE ISO
CITY OF IRVINE'S MOTION TO DISMISS

*v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

"[W]hile a plaintiff's well-pleaded allegations of material fact generally must be accepted as true on a motion to dismiss, the Court is not 'required to accept as true allegations that contradict ... matters properly subject to judicial notice.'" *Ransom v. Mayorkas*, No. 2:24-CV-05433-CAS-MAAX, 2025 WL 1883853, at *6, n.1 (C.D. Cal. July 7, 2025) (quoting *Daniels-Hall v. Nat'l Educ.* Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)).

Accordingly, Defendants respectfully request that the Court take judicial notice of the following:

1.  Irvine Police Department's Case Report for Case Number IPD-25-01881, attached hereto as **Exhibit 1**.

2.  Irvine Police Department's Policy No. 322 entitled "Domestic Violence," attached hereto as **Exhibit 2**.

Dated: September 17, 2025       RUTAN & TUCKER, LLP

By: _____
Samantha Lamm
Attorneys for Defendants
CITY OF IRVINE, MICHAEL KENT, and GARRISON FRADELLA