**Policy**
**322**

Irvine Police Department
Policies

# Domestic Violence

### 322.1   PURPOSE
The purpose of this policy is to provide the guidelines necessary to deter, prevent and reduce domestic violence through vigorous enforcement and to address domestic violence as a serious crime against society. The policy specifically addresses the commitment of this department to take enforcement action when appropriate, to provide assistance to victims and to guide officers in the investigation of domestic violence.

### 322.1.1   SCOPE
Domestic violence is alleged criminal conduct and it is the policy of the Irvine Police Department to stress enforcement of criminal laws related to domestic violence, the protection of the victim, and the availability of civil remedies and community resources. This includes the arrest of domestic violence offenders if there is probable cause to believe an offense has occurred. In responding to domestic violence incidents, officers are discouraged from making dual arrests. The below listed procedures will assist and guide members of the Irvine Police Department in handling calls involving domestic violence.

### 322.1.2   DEFINITIONS
Definitions related to this policy include:

**Court order** - All forms of orders related to domestic violence that have been issued by a court of this state or another, whether civil or criminal, regardless of whether service has been made.

### 322.2   POLICY
The Irvine Police Department's response to incidents of domestic violence and violations of related court orders shall stress enforcement of the law to protect the victim and shall communicate the philosophy that domestic violence is criminal behavior. It is also the policy of this department to facilitate victim and offender access to appropriate civil remedies and community resources whenever feasible.

### 322.2.1   REPORTING OF DOMESTIC VIOLENCE
Penal Code §13730 requires that a written report be completed on all incidents of domestic violence. All such reports should be documented under the appropriate crime classification and, in the "Type of Crime" box of the crime report form, the distinction "Domestic Violence" should be made. The handling officer of an incident related to domestic disturbance not amounting to a criminal offense will prepare an incident report to document the occurrence.

### 322.3   OFFICER SAFETY
The investigation of domestic violence cases often places officers in emotionally charged and sometimes highly dangerous environments. No provision of this policy is intended to supersede the responsibility of all officers to exercise due caution and reasonable care in providing for the safety of any officers and parties involved.

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

### 322.4 INVESTIGATIONS

The following guidelines should be followed by officers when investigating domestic violence cases:

(a) Calls of reported, threatened, imminent, or ongoing domestic violence and the violation of any court order are of extreme importance and should be considered among the highest response priorities. This includes incomplete 9-1-1 calls.

(b) When practicable, officers should obtain and document statements from the victim, the suspect, and any witnesses, including children, in or around the household or location of occurrence.

(c) Officers should list the full name and date of birth (and school if available) of each child who was present in the household at the time of the offense. The names of other children who may not have been in the house at that particular time should also be obtained for follow-up.

(d) When practicable and legally permitted, video or audio record all significant statements and observations.

(e) All injuries should be photographed, regardless of severity, taking care to preserve the victim's personal privacy. Where practicable, photographs should be taken by a person of the same sex. Victims whose injuries are not visible at the time of the incident should be asked to contact the Investigations Bureau in the event that the injuries later become visible.

(f) Officers should request that the victim complete and sign an authorization for release of medical records related to the incident when applicable.

(g) If the suspect is no longer at the scene, officers should make reasonable efforts to locate the suspect to further the investigation, provide the suspect with an opportunity to make a statement, and make an arrest or seek an arrest warrant if appropriate.

(h) Seize any firearms or other dangerous weapons in the home, if appropriate and legally permitted, for safekeeping or as evidence. If the domestic violence involved threats of bodily harm, any firearm discovered in plain view or pursuant to consent or other lawful search must be taken into temporary custody (Penal Code § 18250).

(i) When completing an incident or arrest report for violation of a court order, officers should include specific information that establishes that the offender has been served, including the date the offender was served, the name of the agency that served the order, and the provision of the order that the subject is alleged to have violated. When reasonably available, the arresting officer should attach a copy of the order to the incident or arrest report.

(j) Officers should take appropriate enforcement action when there is probable cause to believe an offense has occurred. Factors that should not be used as sole justification for declining to take enforcement action include:

   1. Whether the suspect lives on the premises with the victim.
   2. Claims by the suspect that the victim provoked or perpetuated the violence.
   3. The potential financial or child custody consequences of arrest.

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

4. The physical or emotional state of either party.
5. Use of drugs or alcohol by either party.
6. Denial that the abuse occurred where evidence indicates otherwise.
7. A request by the victim not to arrest the suspect.
8. Location of the incident (public/private).
9. Speculation that the complainant may not follow through with the prosecution.
10. Actual or perceived characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, economic status, age, cultural group, disability, or marital status of the victim or suspect.
11. The social status, community status, or professional position of the victim or suspect.

### 322.4.1   IF A SUSPECT IS ARRESTED
If a suspect is arrested, officers should:

(a) Advise the victim that there is no guarantee the suspect will remain in custody.

(b) Provide the victim's contact information to the jail staff to enable notification of the victim upon the suspect's release from jail.

(c) Advise the victim whether any type of court order will be in effect when the suspect is released from jail.

### 322.4.2   IF NO ARREST IS MADE
If no arrest is made, the officer should:

(a) Advise the parties of any options, including but not limited to:
   1. Voluntary separation of the parties.
   2. Appropriate resource referrals (e.g., counselors, friends, relatives, shelter homes, victim witness unit).

(b) Document the resolution in a report.

### 322.4.3   OFFICERS INVOLVED IN DOMESTIC VIOLENCE
Domestic Violence incidents involving peace officers shall be investigated in the same manner as incidents involving the general public and in accordance with the provisions of this policy. Irvine Police Officers must notify a supervisor in domestic violence situations involving a peace officer as a victim, witness, suspect, or other association.

A supervisor shall respond to every domestic violence incident involving a peace officer within the City of Irvine. The supervisor will assess the incident, make the appropriate notifications, and ensure documentation is sent to the Office of Professional Standards. The Office of Professional Standards will normally make notifications to outside agencies, unless practical reasons (i.e., return of police property) require a field supervisor to contact the outside agency immediately.

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

In those domestic violence incidents involving Irvine Police personnel, the command duty officer shall be notified as soon as practicable, regardless of the jurisdiction where the incident occurred. The Chief of Police may direct an Office of Professional Standards representative or supervisory designee to respond to the incident to make an assessment and take appropriate administrative action.

**322.5   VICTIM ASSISTANCE**
Victims may be traumatized or confused. Officers should:

   (a)   Recognize that a victim's behavior and actions may be affected.

   (b)   Provide the victim with the department's domestic violence information handout, even if the incident may not rise to the level of a crime.

   (c)   Alert the victim to any available victim advocates, shelters and community resources.

   (d)   Stand by for a reasonable amount of time when an involved person requests law enforcement assistance while removing essential items of personal property.

   (e)   Seek medical assistance as soon as practicable for the victim if he/she has sustained injury or complains of pain.

   (f)   Ask the victim whether he/she has a safe place to stay. Assist in arranging to transport the victim to an alternate shelter if the victim expresses a concern for his/her safety or if the officer determines that a need exists.

   (g)   Make reasonable efforts to ensure that children or dependent adults who are under the supervision of the suspect or victim are being properly cared for.

   (h)   Seek or assist the victim in obtaining an emergency order if appropriate.

An officer shall advise an individual protected by a Canadian domestic violence protection order of available local victim services (Family Code § 6452).

322.5.1   WRITTEN NOTICE TO VICTIMS - VICTIM'S RESOURCE GUIDE
Penal Code §13701 requires that police agencies provide domestic violence victims with a written document that provides certain information. Officers are required by law to present this information, which is consolidated within the Victims' Resource Guide. The pamphlet contains:

   (a)   A statement informing the victim that despite official restraint of the person alleged to have committed domestic violence, the restrained person may be released at any time;

   (b)   A statement that provides information about a shelter they may contact in the area;

   (c)   A statement that provides information about other community services they may contact in the area;

   (d)   A statement informing the victim of domestic violence that he or she can ask the District Attorney to file a criminal complaint;

   (e)   A statement that "For further information about the California Victim's Compensation Program, you may contact 1-800-777-9229";

*Domestic Violence*

- (f) A statement informing the victim of the right to go to the Superior Court and file a petition requesting any of the following orders for relief:
    1. An order restraining the attacker from abusing the victim and other family members;
    2. An order directing the attacker to leave the household;
    3. An order preventing the attacker from entering the residence, school, business, or place of employment of the victim;
    4. An order awarding the victim or the other parent custody of or visitation with a minor child or children;
    5. An order restraining the attacker from molesting or interfering with minor children in the custody of the victim;
    6. An order directing the party not granted custody to pay support of minor children, if that party has a legal obligation to do so;
    7. An order directing the defendant to make specified debt payments coming due while the order is in effect;
    8. An order directing that either or both parties participate in counseling.
- (g) A statement informing the victim of the right to file a civil suit for losses suffered as a result of the abuse. This includes medical expenses, loss of earnings, and other expenses for injuries sustained and damage to property, and any other related expenses incurred by the victim or any agency that shelters the victim;
- (h) In the case of an alleged violation of Penal Code §§243(e), 261, 261.5, 262, 273.5, 286, 288a, or 289, a Domestic Violence, Sexual Assault & Violent Crime Victim Information pamphlet shall be provided which shall include, but is not limited to, the following information:
    1. The names and locations of rape victim counseling centers within the county, including those centers specified in Penal Code §13837, and their 24-hour counseling service telephone numbers;
    2. A simple statement on the proper procedures for a victim to follow after a sexual assault;
    3. A statement that sexual assault by a person who is known to the victim, including sexual assault by a person who is the spouse of the victim, is a crime;
    4. A statement that domestic violence or assault by a person who is known to the victim, including domestic violence or assault by a person who is the spouse of the victim, is a crime.

## 322.5.2  DOMESTIC VIOLENCE SHELTERS

Domestic violence shelter locations within the City shall not be disclosed to anyone other than employees of the Irvine Police Department. Upon approval of the on duty supervisor, under exigent circumstances, employees of other law enforcement agencies may be given this information.

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

Employees may make reference to transporting the victim to a domestic violence shelter, but shall not mention it by name, address or city, in police reports or other correspondence.

Officers may be called upon to provide transportation from the Irvine Police Department to a domestic violence shelter within the City of Irvine. This service is provided to prevent the victim from being followed to the shelter location.

When transporting the victim to the shelter, there shall be no reference either by name or location on the radio. Officers with citizen ride-a-longs will not be used to transport domestic violence victims to the shelter.

### 322.6  DISPATCH ASSISTANCE

All calls of domestic violence, including incomplete 9-1-1 calls, should be dispatched as soon as practicable.

Dispatchers are not required to verify the validity of a court order before responding to a request for assistance. Officers should request that dispatchers check whether any of the involved persons are subject to the terms of a court order.

### 322.7  FOREIGN COURT ORDERS

Various types of orders may be issued in domestic violence cases. Any foreign court order properly issued by a court of another state, Indian tribe, or territory shall be enforced by officers as if it were the order of a court in this state. An order should be considered properly issued when it reasonably appears that the issuing court has jurisdiction over the parties and reasonable notice and opportunity to respond was given to the party against whom the order was issued (18 USC § 2265). An otherwise valid out-of-state court or foreign order shall be enforced, regardless of whether the order has been properly registered with this state (Family Code § 6403).

Canadian domestic violence protection orders shall also be enforced in the same manner as if issued in this state (Family Code § 6452).

### 322.8  VERIFICATION OF COURT ORDERS

Determining the validity of a court order, particularly an order from another jurisdiction, can be challenging. Therefore, in determining whether there is probable cause to make an arrest for a violation of any court order, officers should carefully review the actual order when available, and where appropriate and practicable:

(a) Ask the subject of the order about his/her notice or receipt of the order, his/her knowledge of its terms and efforts to respond to the order.

1. If a determination is made that a valid foreign order cannot be enforced because the subject has not been notified or served the order, the officer shall inform the subject of the order, make a reasonable effort to serve the order upon the subject, and allow the subject a reasonable opportunity to comply with the order before enforcing the order. Verbal notice of the terms of the order is sufficient notice (Family Code § 6403).

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

(b) Check available records or databases that may show the status or conditions of the order.

  1. Registration or filing of an order in California is not required for the enforcement of a valid foreign order (Family Code § 6403).

(c) Contact the issuing court to verify the validity of the order.

(d) Contact a law enforcement official from the jurisdiction where the order was issued to verify information.

Officers should document in an appropriate report their efforts to verify the validity of an order, regardless of whether an arrest is made. Officers should contact a supervisor for clarification when needed.

### 322.9   LEGAL MANDATES AND RELEVANT LAWS
California law provides for the following:

### 322.9.1   STANDARDS FOR ARRESTS
Officers investigating a domestic violence report should consider the following:

(a) An arrest should be made when there is probable cause to believe that a felony or misdemeanor domestic violence offense has been committed (Penal Code § 13701). Any decision to not arrest an adult when there is probable cause to do so requires supervisor approval.

(b) An officer responding to a domestic violence call who cannot make an arrest will advise the victim of his/her right to make a private person's arrest. The advisement should be made out of the presence of the suspect and shall include advising the victim how to safely execute the arrest. Officers shall not dissuade victims from making a lawful private person's arrest. Officers should refer to the provisions in the Private Persons Arrests Policy for options regarding the disposition of private person's arrests (Penal Code § 836(b)).

(c) Officers shall not cite and release a person for the following offenses (Penal Code § 853.6(a)(3)):

  1. Penal Code § 243(e)(1) (battery against spouse, cohabitant)

  2. Penal Code § 273.5 (corporal injury on spouse, cohabitant, fiancé/fiancée, person of a previous dating or engagement relationship, mother/father of the offender's child)

  3. Penal Code § 273.6 (violation of protective order) if violence or threats of violence have occurred or the suspect has gone to the workplace or residence of the protected party

  4. Penal Code § 646.9 (stalking)

  5. Other serious or violent felonies specified in Penal Code § 1270.1

(d) In responding to domestic violence incidents, including mutual protective order violations, officers should generally be reluctant to make dual arrests. Officers shall

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

      make reasonable efforts to identify the dominant aggressor in any incident. The dominant aggressor is the person who has been determined to be the most significant, rather than the first, aggressor (Penal Code § 13701). In identifying the dominant aggressor, an officer shall consider:

      1. The intent of the law to protect victims of domestic violence from continuing abuse.

      2. The threats creating fear of physical injury.

      3. The history of domestic violence between the persons involved.

      4. Whether either person acted in self-defense.

(e) An arrest shall be made when there is probable cause to believe that a violation of a domestic violence court order has been committed (Penal Code § 13701; Penal Code § 836), regardless of whether the offense was committed in the officer's presence. After arrest, the officer shall confirm that a copy of the order has been registered, unless the victim provides a copy (Penal Code § 836).

### 322.9.2 TENANCY ISSUES
Officers may request a person who is not in lawful possession of the premises to leave when:

(a) The complainant is in lawful possession of the premise (as exhibited by rent receipts, lease, deed, verification by apartment manager, etc.).

(b) The complainant has requested that the person leave the premises. The officer will stand by until the suspect removes essential belongings. If the suspect does not leave upon request, an arrest should be made under Penal Code §602.5. If the complainant requesting removal of the suspect cannot show proof of lawful possession, the officer should refer the complainant for a Temporary Restraining Order or other appropriate civil remedy. If appropriate, a domestic violence situation involving a tenancy issue may be resolved through the proper application for an Emergency Protective Order.

### 322.9.3 CALIFORNIA STATE LAW - COURT ORDERS

(a) An officer who obtains an emergency protective order from the court shall serve it on the restrained person if the person can be reasonably located, and shall provide the person protected or the person's parent/guardian with a copy of the order. The officer shall file a copy with the court as soon as practicable and shall have the order entered into the computer database system for protective and restraining orders maintained by the Department of Justice (Family Code § 6271; Penal Code § 646.91).

(b) At the request of the petitioner, an officer at the scene of a reported domestic violence incident shall serve a court order on a restrained person (Family Code § 6383; Penal Code § 13710).

(c) Any officer serving a protective order that indicates that the respondent possesses weapons or ammunition shall request that the firearm/ammunition be immediately surrendered (Family Code § 6389(c)(2)).

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

*Domestic Violence*

    (d)    During the service of a protective order any firearm discovered in plain view or pursuant to consent or other lawful search shall be taken into temporary custody (Penal Code § 18250).

    (e)    If a valid Canadian order cannot be enforced because the person subject to the order has not been notified or served with the order, the officer shall notify the protected individual that reasonable efforts shall be made to contact the person subject to the order. The officer shall make a reasonable effort to inform the person subject to the order of the existence and terms of the order and provide him/her with a record of the order, if available, and shall allow the person a reasonable opportunity to comply with the order before taking enforcement action (Family Code § 6452).

### 322.9.4  PROTECTIVE ORDER VIOLATIONS

Absent exigent circumstances, if probable cause exists to believe an offender has violated a protective order as defined in Penal Code §13701(b), an arrest shall be made. These court orders involve the following:

    (a)    Prohibit threats, harassment or violence;

    (b)    Excludes a party from a dwelling;

    (c)    Prohibit other behaviors specified by the court;

    (d)    These protective orders pertain to parties labeled as petitioner and respondent who are married, formerly married, dating, formerly dated, engaged, formerly engaged, cohabiting, formerly cohabited or have had a child together. The court orders under Penal Code §13701(b) may be captioned as follows:

        1.    Domestic Violence Protective Order;

        2.    Criminal Court Protective Order;

        3.    Emergency Protective Order (EPO);

        4.    Order to Show Cause and Temporary Restraining Order (TRO);

        5.    Order After Hearing;

        6.    Restraining Order – Juvenile;

        7.    Judgment of Dissolution and Order.

Any officer determining that there is probable cause to believe that a protective order issued by a tribunal of another state is valid shall enforce such order as if issued in this state.

### 322.9.5  VIOLATION OF RESTRAINING ORDERS - ENFORCEMENT PROCEDURES

Violation of a restraining order is a misdemeanor under Penal Code §§273.6 or 166(c)4, and may be a felony under PC §§273.6(d), 646.9 or 136. An arrest shall be made when probable cause exists to believe the subject of a restraining order has violated the order, whether or not in the presence of an officer and evidence of proof of service of the order exists. Proof of service may be established by any one of the following:

    (a)    The existence of the order and proof of service to the suspect has been verified by the officer.

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department

(b) The complainant produces a valid copy of the order bearing a file stamp of a court and proof of service on the suspect.

(c) The officer has verified the existence of the order and the order reflects that the suspect was personally present in court when the order was made which removes the proof of service requirements.

(d) The existence of the order has been verified and there is proof that an officer has previously informed the suspect of its terms.

Any officer making an arrest for violation of a non-warrant felony or misdemeanor domestic violence restraining order should evaluate the totality of the circumstances to determine whether reasonable cause exists to seek an increased bail amount. Any officer seeking to increase the amount of bail in such circumstances shall prepare a declaration in support of increased bail when there is reasonable cause to believe that the scheduled bail amount is insufficient to assure an arrestee's appearance or to protect the victim or family member of a victim (Penal Code §1269c).

322.9.6   RESTRAINING ORDER - UNSERVED
If the victim is not in possession of the restraining order and/or for any reason the officer cannot verify the validity of the order, the following action shall be taken:

(a) Write a report and give the police report number to the victim.

(b) Inform the victim how to contact the detective bureau for further action.

(c) Inform the victim of the right to make a private person's arrest for the appropriate violation. In domestic violence cases where the suspect has left the scene, an investigation should be conducted to determine if a crime has been committed.

322.9.7   OBTAINING EMERGENCY PROTECTIVE ORDERS
Emergency Protective Orders are available 24 hours a day, whether or not court is in session. To obtain an emergency protective order, the steps below shall be followed:

(a) Complete the "Application for Emergency Protective Order/Emergency Protective Order".

(b) Call the Judicial Hearing Officers (JHO) at any time, day or night.

(c) The officer should be prepared to discuss the situation with the JHO, who will decide whether to grant the EPO.

(d) If the EPO is granted, the officer shall complete the remaining portions of the "Application for Emergency Protective Order/Emergency Protective Order").

(e) The officer shall make a reasonable effort to serve the EPO on the suspect. The order may be served orally or in person.

(f) The officer will then complete the proof of service portion of the EPO.

(g) The officer shall give the protected person, as well as the suspect, if possible, a copy of the EPO, with an explanation of terms of the order. Both parties shall also be encouraged to read the "Warnings and Information" printed on the reverse side of the order.

*Domestic Violence*

- (h) The EPO must be entered into CLETS as soon as possible, even if the order hasn't been served.
- (i) A copy of the EPO shall immediately be hand delivered to Records Bureau personnel to file/enter the EPO into CLETS. If there are no records personnel on duty, the officer will contact the Communications Bureau, and provide the relevant data and have them make the CLETS entry.
- (j) An EPO shall be entered into CLETS wheteher it was served or not.
- (k) Records personnel will fax or deliver a copy of the EPO to the Family Law Division of Superior Court by 0900 on the next court day.

### 322.9.8 STAY-AWAY ORDERS
Stay-away orders are issued in criminal cases when the probability of victim intimidation exists. Violation of a stay-away order is a misdemeanor under Penal Code §166(c) (1). Witness intimidation is also a violation of Penal Code §136.1 and potentially a violation of Penal Code §422. Examples of witness intimidation include attempting to prevent or dissuade a victim from attending or giving testimony at any proceeding, or using force or expressing or implying a threat of force or violence related to the court proceeding.

### 322.9.10 RESTRAINING ORDER - SERVICE
When the officer verifies that a restraining order exists but cannot verify proof of service or prior knowledge of the order by the suspect, the officer shall perform the following:

- (a) At the request of the complainant and upon presentation of an endorsed copy of the restraining order and a proof of service form, serve a copy of the order on the suspect.
- (b) Submit the completed proof of service form to the court, regardless of whether or not the suspect is taken into custody. The notice of service shall immediately be transmitted to the California Department of Justice Restraining Order and Protective Order System. The officer shall provide the information to the Records Bureau personnel prior to going off duty. If no Records Bureau staff members are on duty, the officer will contact Communications, provide the relevant data and have them make the CLETS entry. The date/time of the CLETS entry should be added to the report by the officer.
- (c) Immediately inform the suspect of the terms of the order and place the suspect on notice that violation of the order will result in arrest.
- (d) Obtain the suspect's address.
- (e) Enforce the order but do not make an arrest for any violation of the order occurring prior to established proof of service or before an officer's admonition of the terms of the order.
- (f) If the suspect continues to violate the order after being advised of the terms, an arrest should be made.
- (g) If the suspect complies with the order, the officer shall complete a report detailing the specific terms of the order and advisement, the name of the advising officer, and the date and time of the advisement.

(h) The department copy of the restraining order shall be updated to reflect the information listed above.

Officers shall give full faith to out-of-state restraining or protective orders and enforce the violation. There shall be a presumption of validity where an order appears authentic on its face.

In the event the suspect has fled, due diligence will be expended to locate the suspect. A written report shall be made with the complainant being advised of the DR number of the incident.

### 322.9.10   PUBLIC ACCESS TO POLICY

A copy of this domestic violence policy will be provided to members of the public upon request (Penal Code § 13701).

### 322.9.11   EMERGENCY PROTECTIVE ORDERS

(a) Family Code §6241 mandates the Superior Court to provide a judge, commissioner, or referee to hear applications and issue Emergency Protective Orders based on criteria outlined in Family Code §6250. Discretionary authority is given to the field officer to determine whether phone application to a judge for an EPO is appropriate. An officer should apply for an EPO whenever one is requested by a domestic violence victim. A judicial officer may issue an Emergency Protective Order whenever one is requested by a domestic violence victim and/or a law enforcement officer asserts reasonable grounds that:

1. A person is in immediate and present danger of domestic violence based upon the person's allegation of a recent incident of abuse or threat of abuse by the person against whom the order is sought.

2. A child is in immediate and present danger of abuse by a family or household member, based on an allegation of a recent incident of abuse or threat of abuse by the family or household member.

3. A child is in immediate and present danger of being abducted by a parent or relative, based on a reasonable belief that a person has intent to abduct a child or flee with the child from the jurisdiction or based on an allegation of a reasonable threat to abduct the child or flee with the child from the jurisdiction.

4. An elder or dependent adult is in immediate and present danger of abuse as defined in Welfare and Institutions Code §15610.7 based on an allegation of a recent incident of abuse or threat of abuse by the person against whom the order is sought, except that no emergency protective order shall be issued based solely on an allegation of financial abuse.

(b) Under Penal Code §646.91, a peace officer may also obtain an Emergency Protective Order when the officer has reasonable grounds to believe that a person or the person's immediate family is in immediate and present danger of being stalked.

1. Any such Emergency Protective Order shall be reduced to writing, signed by the officer.

2. Any officer seeking such an order shall serve the order on the restrained person if such person can be reasonably located and shall provide the person protected

*Domestic Violence*

       with a copy of the order. A copy of the order shall also be filed with the court as soon as practicable after issuance.

(c) Emergency Protective Orders may be obtained by telephone to prohibit a suspect who resides with a complainant, regardless of their marital status or relationship from:

    1. Physically or verbally contacting the victim or disturbing his/her peace.

    2. Remaining or returning to the victim's residence, regardless of who holds legal title to, or leases the residence.

    3. Continuing a specified behavior as described in the order.

(d) Officers investigating the scene of current or recent situations of domestic violence should remain cognizant of the potential for continued and escalated violence. An Emergency Protective Order should be sought if there is reason to believe, based on factual evidence such as a recent history of violence that the victim may still be in danger.

### 322.9.12 REPORTS AND RECORDS

(a) A written report shall be completed on all incidents of domestic violence. All such reports should be documented on the appropriate form, which includes information and notations specific to domestic violence incidents as required by Penal Code § 13730.

(b) Reporting officers should provide the victim with the case number of the report. The case number may be placed in the space provided on the domestic violence victim information handout provided to the victim. If the case number is not immediately available, an explanation should be given regarding how the victim can obtain the information at a later time.

(c) Officers who seize any firearm or other deadly weapon in a domestic violence incident shall issue the individual possessing such weapon a receipt that includes the name and residential mailing address of the owner or person who possessed the weapon and notice of where the weapon may be recovered, along with the applicable time limit for recovery (Penal Code § 18250; Penal Code § 18255; Penal Code § 33800; Family Code § 6389(c)(2)).

### 322.9.13 DECLARATION IN SUPPORT OF BAIL INCREASE

Any officer who makes a warrantless arrest for a felony or misdemeanor violation of a domestic violence restraining order shall evaluate the totality of the circumstances to determine whether reasonable cause exists to seek an increased bail amount. If there is reasonable cause to believe that the scheduled bail amount is insufficient to assure the arrestee's appearance or to protect the victim or family member of a victim, the officer shall prepare a declaration in support of increased bail (Penal Code § 1269c).

### 322.9.14 RECORD-KEEPING AND DATA COLLECTION

This department shall maintain records of court orders related to domestic violence and the service status of each (Penal Code § 13710), as well as records on the number of domestic violence related calls reported to the Department, including whether weapons were used in the incident or

*Domestic Violence*

whether the incident involved strangulation or suffocation (Penal Code § 13730). This information is to be reported to the Attorney General monthly. It shall be the responsibility of the Records Supervisor to maintain and report this information as required.

### 322.10   DOMESTIC VIOLENCE SUPPORT

Victims of domestic violence or abuse have the right to have a domestic violence counselor (as defined in Evidence Code §1037.1) and a support person of the victim's choosing present at any interview by law enforcement authorities (Penal Code §679.05). The investigating officer must advise the victim of his/her right to have an advocate and support person present at any subsequent interview(s), including additional interviews by the reporting and/or detectives handling the case. The victim should be advised that any advocate working for the agencies listed on the Domestic Violence resource card would qualify.

(a) For the purposes of this section, an initial investigation by law enforcement to determine whether a crime has been committed and to determine the identity of the suspect(s) shall not constitute a law enforcement interview.

(b) The support person may be excluded from an interview if the law enforcement authority or the District Attorney determines the presence of that person would be detrimental to the purpose of the interview.

(c) The investigating officer should articulate in the report that the victim was advised of their right to a counselor and/or support person.

### 322.11   VICTIM INFORMATION AND NOTIFICATION EVERYDAY (VINE) PROGRAM

When appropriate, officers should advise the victim of the availability of the Victim Information and Notification Everyday (VINE) Program. VINE is a free, computer-based telephone service that allows victims to check on an offender's custody status and register to receive automatic notification when an inmate is released from County Jail. The contact phone number for VINE is printed on the Irvine Police Department Domestic Violence, Sexual Assault & Violent Crime Victim Information.

### 322.12   FIREARMS

Officers shall take into temporary custody firearms or other deadly weapons in plain sight or discovered pursuant to a consensual search or other lawful search in domestic violence incidents and process them for safekeeping as authorized in Penal Code §18250. During the investigation of a domestic violence occurrence, officers should ask the parties involved if there are any firearms or deadly weapons on the premises.

Confiscated firearms shall be retained by the Department for a minimum of 48 hours from seizure. The officer taking custody of any firearm or other deadly weapon shall document the seizure on a Weapons Seizure Report Form (IPD form 73-02). The officer will have the owner or possessor sign the form. The officer shall provide a copy for the owner or possessor. The Weapons Seizure Report Form shall fully describe the weapon (including the serial number) and indicate the location

*Domestic Violence*

where the weapon may be recovered along with any applicable time limit for recovery. (Penal Code §18255)

No person who is the subject of an Emergency Protective Order issued pursuant to Penal Code §646.91 may own, possess, receive, purchase or attempt to purchase a firearm while such order is in effect. Any weapons located under these circumstances shall be booked for safekeeping.

- (a) Any officer seizing a firearm shall explain to the owner or possessor that the firearm will not be released until the owner or possessor presents proof from the California Department of Justice that he/she can legally possess firearms (PC §§33855 and 33865). The officer shall direct the attention of the owner of the firearm or other deadly weapon to the Weapons Seizure Report form for information on the process to reclaim the property.
- (b) Officers should document in the report the presence of all weapons, the basis for any seizures, whether weapons were discovered or disclosed but not seized, and the reason the weapons were not seized (PC §13730( c));
- (c) Officers shall conduct a want/warrant check to identify if the suspect has any registered firearms (AFS), any domestic violence restraining orders (DVROS), or is on parole (SRF). Officers may also check the owner's or possessor's automated criminal history to determine if the person is, through prior court sanction, prohibited from possessing or owning a firearm. Responses to these inquiries, coupled with the facts of the case, may justify charges being filed against the defendant.
- (d) If the weapon itself is illegal to possess (i.e. serial numbers removed) is stolen, used in a crime, or the owner cannot legally possess weapons due to a conviction, restraining order violations, etc. the weapon shall then be booked into evidence.

322.12.1   RETURN OF FIREARMS

- (a) If, within five days after the seizure, a firearm or other deadly weapon is not retained for use as evidence related to criminal charges brought as a result of the domestic violence incident and the officer has no reason to believe that such firearm or weapon would further endanger the victim or person reporting the domestic violence, the Department shall notify the lawful owner or other person who was in lawful possession of the firearm or weapon of its availability (Penal Code §18265).
- (b) If, however, any officer has reasonable cause to believe that a firearm or other deadly weapon seized in a domestic violence incident would likely result in further danger to the victim or person reporting such incident or that further investigation of such firearm or weapon is required through the Department of Justice or other sources, the Department shall, within five days of the seizure, notify the owner or other person who was in lawful possession of the firearm or weapon that such firearm or weapon will be retained for up to 60 days from the date of the seizure.
- (c) If, after 45 days, the Department has been unable to clear the firearm or other deadly weapon for release, the Department shall commence the process of preparing a petition to the Superior Court to determine if the firearm or other weapon should be returned. Such petition shall be filed within 60 days from the date of the initial seizure

*Domestic Violence*

or upon timely application to the court for an extension within no more than 90 days (Penal Code §18400).

(d) Under no circumstances shall any firearm be returned to any individual unless and until such person presents valid identification and written notification from the California Department of Justice which conforms to the provisions of Penal Code §§33855 and 33865).

(e) In no case in which a firearm or other deadly weapon is not retained as evidence shall the Department be required to retain such firearms or other deadly weapon longer than 180 days after notice has been provided to the owner that such firearm or other deadly weapon is available for return. At the expiration of such period, the firearm or other deadly weapon may be processed for disposal in accordance with applicable law (Penal Code §34000(a)).

Copyright Lexipol, LLC 2020/12/31, All Rights Reserved.
Published with permission by Irvine Police Department